# IN THE COURT OF APPEALS OF IOWA

No. 19-1698
Filed January 21, 2021

**RYAN COMPANIES US, INC.,**
Plaintiff-Appellee,

**vs.**

**FDP WTC, LLC,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant appeals following an adverse ruling on a motion for partial summary judgment in favor of a plaintiff. **AFFIRMED.**

Philip S. Bubb and Brandon R. Underwood of Fredrikson & Byron, P.A., Des Moines, for appellant.

Stephen D. Marson of Whitfield & Eddy, P.L.C., Des Moines, and Bradley D. Fisher and Brian D. Steffes of Fisher Bren & Sheridan, LLP, Minneapolis, Minnesota, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

In September 2018, Ryan Companies US, Inc. (Ryan) filed a petition to foreclose mechanic's liens against FDP WTC, LLC (FDP). Ryan's amended petition and attachments alleged the following. In January 2016, the parties entered into the Courtyard Contract, pursuant to which Ryan agreed to furnish labor and materials relating to building improvements, and FDP agreed to pay for the same. Allegedly, Ryan provided services, but FDP failed to pay. The parties entered the Sitework Contract in November 2016, under which Ryan again agreed to provide labor and materials relating to building improvements, and FDP agreed to pay for the same. Ryan allegedly met its obligations under the contract, but FDP did not compensate Ryan in accordance with the contract. In March 2018, the parties entered the John Deere Contract, under which Ryan agreed to provide materials and labor in return for compensation from FDP. Again, Ryan allegedly provided the agreed-to services, but FDP failed to pay.

Ryan's November 2018 amended petition forwarded thirteen claims against FDP, including a claim for foreclosure of a mechanic's lien relating to the John Deere Contract in the amount of $340,238.16. In its amended answer, FDP alleged Ryan failed to fully perform its obligations under the three contracts because, among other things, labor and materials provided by Ryan were defective or otherwise of poor quality. FDP counterclaimed for breach of each of the three contracts.

In May 2019, Ryan moved for summary judgment on its claim for foreclosure of a mechanic's lien relating to the John Deere Contract. FDP resisted, claiming, among other things, "Even if the material facts establishing liability on the

John Deere Contract are undisputed," given the various contracts, claims, and counterclaims, FDP should be allowed to set off of damages because "the parties agreed by contract to allow setoff of claims and counterclaims." Ryan responded it never contractually agreed to allow set off of damages. The matter proceeded to hearing, at which FDP agreed it was liable for the amount requested under the John Deere Contract but essentially argued it expected to succeed on its counterclaims and it should be entitled to set off damages when the claims under the other two contracts were adjudicated.

Ultimately, the court granted the motion for summary judgment, relying on Iowa Rule of Civil Procedure 1.957, which provides: "A claim and counterclaim shall not be set off against each other, except by agreement of both parties or unless required by statute." The court entered judgment in favor of Ryan in the amount of $340,238.16. FDP appeals.

On appeal, FDP argues "the district court erred in ruling that the parties did not agree to setoffs under Iowa Rule of Civil Procedure 1.957." FDP notes, "Like the other two contracts between the parties," the John Deere Contract "allowed FDP to withhold payment because of . . . 'defective Work not remedied,' 'damage to the Owner,' or 'repeated failure to carry out the Work in accordance with the Contract Documents.'" FDP also notes the "John Deere Contract defined 'the Work' to include 'the construction and services required by the Contract Documents' and '*all other labor, materials, equipment and services* provided or to be provided by the Contractor *to fulfill the Contractor's obligations*.'" FDP claims the "contract's text and the construction's context compel the conclusion that the

residual phrase captures Ryan's obligations to FDP under the other two contracts" and "Ryan and FDP thus agreed to setoff claims and counterclaims."

We find the answer to this appeal by a simple reading of the John Deere Contract. The very first provision states, "The Contract represents the entire and integrated agreement between the parties hereto." And "the Work" is limited to "the construction and services required by the Contract Documents" making up the John Deere Contract, not the other two contracts. "The Work [] constitue[s] the whole or part of the Project." "The Project is . . . the Work performed under the Contract Documents" of the John Deere Contract, not the other two. Thus, we interpret "all other labor, materials, equipment and services," to be limited to that performed and provided under the John Deere Contract, not the other contracts.

Upon our plain reading of the contract, we find no contractual agreement to setting off of claims and counterclaims across the three contracts. As such, set off is prohibited by Iowa Rule of Civil Procedure 1.957. We affirm entry of judgment in favor of Ryan.

**AFFIRMED.**